### 8435

#### FRENCH, EXOR., v. WAY, EXOR

1. Jurisdiction of Probate Courts.—The probate court first obtaining jurisdiction of the settlement of a testate estate has the jurisdiction to require the personal representative of the executor to account there for the funds in his hands belonging to that estate, although the executor died in another jurisdiction and his personal representative has qualified there.

   Mr. Justice Fraser *dissents.*

2. Accounting—Executor.—A proposed statement of a return by an executor is admissible to charge him, but the disbursements set out in such statement are not admissible as credits, as he must discharge his liability to the estate by proper vouchers or the right to credit.

3. Rehearing *refused.*

Before Ernest Gary, J., Anderson, September, 1911. Affirmed.

Action by D. C. French, as executor of Elizabeth Clement, against Kate Way, as executor of Allen W. Clement. From Circuit decree affirming judgment of probate court, defendant appeals.

*Messrs Haynsworth & Haynsworth* and *Padget & Watkins,* for appellant. *Messrs. Haynsworth & Haynsworth* cite: *Effect on trust property on failure to distinguish that from property of trustee:* 4 Mas. 29; 11 Pick. 173; 89 A. D. 141; 42 Pac. 466; 49 Pac. 188; 37 At. 491; 45 Hun.

284; Rich. Eq. Cas. 172; 2 S. C. 239; 17 S. C. 45; 26 S. C. 370; 55 S. C. 456; 25 S. C. 538; 57 S. C. 534; 13 Rich. Eq. 269. *Plaintiff's claim is merely one for damages against estate of testator:* 21 Pac. 47; 11 Ky. 93; 1 S. & M. Ch. 508; 41 N. W. 716; 13 N. W. 767.

*Messrs. Breazeale & Pearman* and *Bonham, Watkins & Allen,* contra, cite: *Liability of Mrs. Way to account:* 15 Cyc. 1349; *Davis* v. *Wright,* 2 Hill; 1 McC. Eq. 417; 18 Cyc. 1348. *Jurisdiction of Anderson probate court:* Code of Proc. 48, 40; Code 1912, 2522.

The opinion was filed on December 8, 1912, but remittitur held up on petition for rehearing until

February 8, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The will of Mrs. Elizabeth Clement was admitted to probate in the probate court of Anderson county, and Allen W. Clement, one of the persons therein named as executors thereof, qualified and entered upon the discharge of the office of executor. Thereafter, Allen W. Clement died, leaving his will, which was admitted to probate in the probate court of Laurens county, and the defendant, Mrs. Kate Way, qualified as executrix thereof.

The petitioner herein, D. C. French, having been named in the will of Elizabeth Clement, as one of the executors thereof, qualified as such after the death of Allen W. Clement, and filed his petition in the probate court of Anderson county against the defendant, Mrs. Kate Way, as executrix of the estate of Allen W. Clement calling upon her to account for the actings and doings of Allen W. Clement, as executor of the estate of Elizabeth Clement.

Mrs. Way objected to the jurisdiction of the court, but her objection was overruled, and, upon hearing the evidence, the court gave judgment against her for the sum of

$5,139.13, which it was found that Allen W. Clement had in his hands, as executor. On appeal, the Circuit Court affirmed the judgment, and Mrs. Way appealed to this Court.

Her first contention is that her objection to the jurisdiction of the probate court of Anderson county should have been sustained. She admits that, if Allen W. Clement had lived, he would have had to account to that court, without regard to the place of his residence, for his conduct of the office of executor. But she insists that, since he has died, and there is no allegation that there is in her hands, as executrix of his estate, any specific funds or property belonging to the estate of Elizabeth Clement, the claim of her estate against his rests upon the same footing as any other claim against his estate, and must, therefore, be sued for in the county in which his will was probated, or in the county in which his executrix resides.

If this was an ordinary claim against the estate of Allen W. Clement, there would be much force in the appellant's contention. But, while the proceedings does involve the establishment of a demand against his estate, that demand grows out of and is incidental to the accounting which the law would have compelled him to make to the Court which granted him letters testamentary, had he lived; and, as his personal representative stands in his place, she, too, must account in that Court. It seems to us the matter is settled by the provisions of sections 40 and 48 of the Code of Procedure. Section 40 provides: "All proceedings in relation to the settlement of the estate of any person deceased shall be had in the probate court of the county in which his will was proved or administration of estate was granted." Now, it cannot be denied that this is a proceeding in relation to the settlement of the estate of Elizabeth Clement. Indeed, the petitioner could not well settle her estate without an accounting from his predecessor in the office of executor. Her will having been proved in Anderson county, the case is

within the express provisions of section 40. Section 48 is also pertinent. It provides: "When any probate court shall have first taken cognizance of the settlement of the estate of a deceased person, such court shall have jurisdiction of the disposition and settlement of all the personal estate of such deceased person to the exclusion of all other probate courts."

The contention that there was a final settlement of the estate of Elizabeth Clement, made by Allen W. Clement in his lifetime, is not sustained by the record or by the evidence. The record of the probate court affords no evidence of a final settlement, as it should, and probably would, if one had been made. The petitioner introduced in evidence a paper headed "statement for settlement," which is shown to be in the handwriting of Allen W. Clement's attorney, and which was sent, along with a petition for final settlement, to Austin W. Clement. But Mrs. Julia P. Clement, the widow of Austin W. Clement, testified that no final settlement was ever made, because her husband objected to a charge made by his brother, Allen W. Clement, and allowed himself, as a credit, in the "statement for settlement" of $4,517.14 for nursing his mother the last year of her life. We think, therefore, the Court below properly overruled the defense that a final settlement had been made.

The next contention of appellant is that the Court below erred in adopting the paper marked "statement for settlement," as evidence of charges against Allen W. Clement, without also allowing the credits therein claimed by him,—the contention being that the paper should have been admitted in its entirety to discharge as well as to charge him. This contention cannot be sustained. The rule is well settled that the returns, or the books, or the declarations of an executor or administrator may be introduced to charge him, but he must discharge himself by proper vouchers, or by evidence showing the lawful expenditure of the funds that came into his hands or the right to

credit. In this case, there was neither voucher nor evidence in support of the credit claimed.

The foregoing views dispose of all the exceptions.

Affirmed.

MR. JUSTICE FRASER *dissenting:* I cannot concur in the opinion of the majority of the Court. The statute that requires the settlement of the estate of Mrs. Elizabeth Clement, in the probate court of Anderson county, requires the settlement of the estate of Allen W. Clement in the probate court of Laurens county. Whose estate is being settled in this proceeding? To me it is manifest that it is primarily the estate of Allen W. Clement, and that with a very incomplete showing. Did Mrs. Way (the executrix of Allen) receive any property of Mrs. Elizabeth's estate? If not, then how can the probate court of Anderson county require an officer of the probate court of Laurens county to pay out a fund that she must administer under the control of the Laurens court. There is a peremptory order of the judge of probate of Anderson that Mrs. Way, as executrix, shall pay to D. C. French, executor, $5,139.13. It may be the estate of Allen owes some debts in Laurens, and if there be not enough for both, the debts ought to be prorated. It seems to me that French went into the probate court of Anderson and alleged a debt against the estate of Allen and got an order for Mrs. Way to pay over this amount, without any regard to the consequences to Mrs. Way or the other creditors of the estate of Allen. It is claimed that Mrs. Way stands in place of her husband. How? Under the old law she would have occupied this position. The executrix of Allen would have been entitled to administer the estate of Mrs. Clement. This has been changed by statute, and Mrs. Way had no right to the assets of Mrs. Clement.

I am of the opinion that Mrs. Way, not having any official connection with the probate court of Anderson county, was not answerable there, and not being a resident of Ander-

son county, could not be made answerable there unless it had been shown that she had assets of Mrs. Clement's estate and then only as executrix of her own wrong. Then the jurisdiction should have been confined to those assets. If those assets were insufficient, then as to the balance, the jurisdiction should have been transferred to Laurens county, where the other creditors of Allen could have been protected, and the statutory order of priority preserved. The statutory order of priority applies only to the executor and administrator and not to sheriffs or other officers, who may enforce the judgment. See *Huger* v. *Dawson,* 3 S. C. 328.

The high character of the lawyers engaged in this case (I do not know the parties) assures us that this proceeding is real and the contest is not feigned, but it opens the door very wide to outrageous evasions of the priorities in the settlement of estates. All that such an executor would have to do would be to submit to a judgment like this Anderson judgment, and then, by inaction, force other creditors to get judgment on their demands. The oldest judgment would have priority and the demands preferred by statute would lose their priority, even if they were not entirely lost.

For these reasons I can not concur.

February 8, 1913. PER CURIAM. Petition for rehearing dismissed by *per curiam* order.