### 9791

#### SMITH v. HEYWARD *ET AL.*

##### (93 S. E. 195.)

EXECUTORS AND ADMINISTRATORS—SETTLEMENT OF ESTATE—JURISDICTION. —Where the testatrix lived in and owned real estate in G. county at the time of her death, and her will was duly filed for probate there, a suit to remove one of the executors, or appoint a receiver to complete the administration, brought in C. county, should have been removed to G. county, under Code Civ. Proc. 1912, secs. 40, 48.

Before RICE, J., Charleston, December, 1916. Reversed.

Action by Robert T. Smith, as executor of Elizabeth M. Heyward, deceased, against Julius H. Heyward, as executor of Elizabeth M. Heyward, deceased, as guardian, etc., and others. From an order refusing to change the place of trial, defendant named appeals.

*Mr. L. K. Clyde,* for appellant, cites: *As to venue:* Code Civ. Proc. 172, 173; 22 S. C. 276; 23 S. C. 385; 72 S. C. 572; 11 S. C. 122.

*Mr. Julius H. Heyward, in pro. per.,* also cites: Code Civ. Proc. 174; 25 S. C. 385; 28 S. C. 318.

*Messrs. Miller, Bissell & Miller* and *Smythe & Visanska,* for respondent, cite as to venue: Code Civ. Proc., secs. 172 to 176. *Order not appealable:* 6 S. C. 313; 55 S. C. 384.

*Messrs. F. H. Holbeck* and *James Simons,* also for respondent, cite: *As to venue in matters of administration:* 16 S. C. 40; 10 S. C. 109; 15 S. C. 236.

August 14, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Rice refusing to change the place of trial from Charleston to Greenville county. The motion before Judge Rice was based upon the complaint and affidavit of appellant, Julius H. Heyward, and the affidavit of Robert T. Smith, the respondent.

The issue is narrow, and only involves this question. The record shows that Mrs. Heyward's place of residence, when she died, was Greenville, S. C., and that she owned real estate and personal property, both in the counties of Greenville and Charleston. Both Heyward and Smith were

named as executors. The will was duly filed and probated in the probate Court for Greenville county, the county in which Mrs. Heyward lived and was domiciled at the time of her death. The executors undertook the administration of the estate upon letters testamentary issued by the probate Court of Greenville county. Later, after disagreement between the executors, this action was instituted, and is brought in part by the plaintiff to remove Heyward as executor, or failing in this, to appoint a receiver to complete the said administration.

Heyward insists that Greenville is the proper county to try the issues raised, and that as a matter of right the issues raised should be tried in Greenville county, and in addition that the convenience of parties demands the removal to this county. We think that the exceptions should be sustained, and order reversed, under the authorities of *Barrett* v. *Watts,* 13 S. C. 443; *Suber* v. *Allen,* 13 S. C. 317, and *French* v. *Way,* 93 S. C. 524, 76 S. E. 617. In the latter case the reasoning of Justice Hydrick as the organ of the Court, construing sections 40 and 48 as to the powers and duties of the probate Court that first takes cognizance to dispose of and settle the estate to the exclusion of all other probate Courts, shows that the county where will is probated first is the proper county.

In the case before us the testatrix lived in Greenville for a number of years, was living there when she died, and owned real and personal property in Greenville county. Her will was duly probated there. The executors thereof qualified and received letters testamentary from the probate Court there. The defendant, Heyward, lives there, and has for years. The proper place for trial of issues involved is Greenville county. Heyward has a substantial right, lives in Greenville, the Court of probate acquired jurisdiction properly over the estate, and testatrix lived and died at Greenville, and her will, under which the issues arise in this case, was properly probated and filed in Greenville county,

and this action should have been brought in the Courts for Greenville county, and his Honor should have ordered it to be removed to Greenville county for trial. His failure to do so was a denial of a substantial right to the appellant involving the merits.

Judgment reversed.