16950

SAMUEL EVANS IRBY and HELEN LIGHTBOURN IRBY, Respondents, v. JAMES H. KIDDER, Appellant

(85 S. E. (2d) 405)

*W. Brantley Harvey, Esq.,* of Beaufort, *for Defendant-Appellant,*

*Messrs. Whaley & McCutchen,* of Columbia, *for Respondents,*

January 10, 1955.

G. BADGER BAKER, Acting Associate Justice.

Clara S. S. Evans died testate in 1931, and her will dated March 7, 1930, was duly probated in the Probate Court of Charleston County, South Carolina. On March 14, 1931, Marjorie Evans Irby and Helen Beverly Evans Kidder, the only two daughters of the testatrix, were appointed executrices of her last will and testament. In this will they were directed to safely invest the property of the estate, pay the income therefrom quarterly to themselves as children of the testatrix in equal portions during their lifetime, and upon the death of one of the daughters without child or children, to pay the entire income to the surviving daughter, and upon the death of both of said daughters, only one of which should have a child or children, the child or children should take the entire property upon his, her or their majority.

Both executrices qualified, and in due course of time the assets of the estate were liquidated and each executrix took one-half of the cash to invest. Thereafter, Helen Beverly Evans Kidder, one of the executrices, died, leaving surviving her an adopted daughter, Mary Lou Kidder Gadsden, who is a party defendant to this action. The will of Helen Beverly Evans Kidder was admitted to probate in Beaufort County, South Carolina, and her husband, James H. Kidder, who is now the appellant, qualified as executor and is now acting in that capacity. While the estate of Helen Beverly Evans Kidder was being administered upon in Beaufort County, this action was brought in the Court of Common Pleas for Richland County by Samuel Evans Irby and Helen Lightbourn Irby, children of the surviving co-executrix, Marjorie Evans Irby. At the time of the service of the summons and complaint there was also served upon the

appellant, James H. Kidder, individually and as executor of the estate of Helen Beverly Evans Kidder, a rule requiring him to show cause why he should not be restrained from disposing of, expending, dissipating or exchanging any of the assets of the estate of Helen Beverly Evans Kidder during the pendency of this action.

The surviving co-executrix, Marjorie Evans Irby, is a resident of the County of Richland, and although the record does not disclose the residence of the respondents, they are probably also residents of Richland County. However, the residence of the respondents is immaterial for the purposes of this appeal. The adopted daughter of the deceased co-executrix is a resident of the County of Charleston, and James H. Kidder, the appellant and executor of the will of Helen Beverly Evans Kidder, is a resident of the County of Beaufort.

The complaint alleges the respondents are remaindermen under the will of Clara S. S. Evans. It is alleged that the deceased co-executrix has invested the cash received by her from the estate of her mother in various stocks in her own name or in the name of her agent or agents, and the stocks and other investments with the sums received by her as co-executrix have been commingled with her personal estate, and appellant as executor refuses to account for said certificates of stock and funds of the estate of Clara S. S. Evans which have been commingled with the estate of his wife. It is further alleged that respondents as sole remaindermen will suffer irreparable loss and damage unless an accounting of the estate of the deceased co-executrix is had in order to segregate her estate from that portion of the estate of her mother. A construction of the will of Clara S. S. Evans is requested to determine the right, title and interest therein of the respondents as well as the adopted daughter of the deceased co-executrix. Next, it is asked that the assets of the estate of Clara S. S. Evans be marshaled. Most of the allegations of the complaint relate to the investments made by the deceased as co-executrix, with allegations of com-

mingling, and it is stated in the complaint that Mary Lou Kidder Gadsden claims some interest in the original estate, which this Court is asked to declare to be invalid.

Appellant demurred to the complaint on the ground that several causes of action have been improperly united: (1) for a construction of the will to determine the rights, titles and interests of respondents and defendant Mary Lou Kidder Gadsden in the estate; (2) a cause of action against the personal representative of the deceased co-executrix of the estate of Clara S. S. Evans for an accounting by the personal representative of the funds belonging to the estate of Clara S. S. Evans and turned over to his testatrix; (3) for the marshaling of the assets of the estate of Clara S. S. Evans. Appellant also answered, subject to his demurrer, but it will not be necessary to refer to the allegations of the answer. There are also additional grounds contained in the appellant's demurrer, but under our view of the case there is no necessity to refer to or discuss the remaining grounds.

The demurrer and rule to show cause were heard before the presiding Judge of the Fifth Judicial Circuit and he incorporated his decision upon the demurrer and rule to show cause in a decree wherein the demurrer was dismissed and appellant James H. Kidder, individually and as executor, was restrained from transferring, expending, dissipating or exchanging any of the assets of the estate of his wife and testatrix and the estate of her mother until the further order of the Court. From this decree appellant served his notice of appeal upon several exceptions, the first being the only one considered, which raises this question: Are several causes of action improperly united in the complaint?

The complaint states at least two causes of action, one for an accounting and one for a declaratory judgment or construction of the will of Clara S. S. Evans. There is also a cause of action for marshaling the assets of the estate but this is incidental to the action for accounting. The two causes of action, or possibly three, could be united in the

same complaint in that they arise out of the same transaction, or transactions connected with the same subject of action, but these causes of action require different places of trial than the Court of Common Pleas for Richland County. Section 10-701 of the Code of 1952 provides what causes of action may be joined, but when the causes of action require different places of trial, even though they arise out of the same transaction or transactions connected with the same subject of action they cannot be contained in one action as in this case. The will of Clara S. S. Evans was admitted to probate in Charleston County, but has been liquidated; the will of her daughter and co-executrix was admitted to probate and is being administered upon in the County of Beaufort. Section 19-551 of the 1952 Code of Laws provides that "all proceedings in relation to the settlement of the estate of any person deceased shall be had in the probate court of the county in which his will was proved or the administration of his estate was granted."

The case of *French v. Way,* 93 S. C. 522, 76 S. E. 617, is applicable on the question of the place of trial. In this case Allen W. Clement was appointed as executor of the estate of Mrs. Elizabeth Clement, whose will was admitted to probate in Anderson County. Thereafter, Allen W. Clement died and his will was admitted to probate in Laurens County, with Mrs. Kate Way as executrix. After the death of Allen W. Clement, D. C. French qualified as executor of the estate of Mrs. Elizabeth Clement and he filed his petition in the probate court of Anderson County against Mrs. Kate Way as executrix of the estate of Allen W. Clement, calling upon her to account for the acts and doings of Allen W. Clement as executor of the estate of Elizabeth Clement.

Mrs. Way objected to the jurisdiction of the court, contending that the place of trial should be in Laurens County, in which county the will of her testator had been filed and she appointed executrix. This Court, on appeal, held that jurisdiction was properly in Anderson County, basing the

decision upon Section 19-551, *supra,* as well as Section 15-445 of the 1952 Code of Laws, which reads as follows:

"When any probate court shall have first taken cognizance of the settlement of the estate of a deceased person, such court shall have jurisdiction of the disposition and settlement of all the personal estate of such deceased person to the exclusion of all other probate courts."

Although the foregoing case is concerned with the jurisdiction of the probate courts in Anderson and Laurens Counties, the principle derived therefrom is controlling since a Court of Common Pleas has concurrent jurisdiction with a Probate Court.

The construction of the will, a cause of action in itself, can be maintained in Richland County since the surviving co-executrix is a resident of that county. If it is determined the adopted daughter of the deceased co-executrix does not take under the will, the surviving co-executrix would gain control of the entirety of her mother's estate and enjoy the total income during her lifetime in the same manner provided for the one-half interest invested by her.

The cause of action for an accounting is directed against the appellant. The complaint does not contain any allegations requiring the surviving co-executrix to account for that portion of the estate under her control. There is an allegation that she should render an accounting but this is a conclusion which is not admitted by the demurrer. The only allegations affecting her, officially or individually, is that she "has failed to bring legal or any other proceedings to protect the interest of these plaintiffs under the will of Clara S. S. Evans."

An action for an accounting against an executor or administrator concerns the settlement of the estate and has to be brought in the County in which the estate is being administered upon. Section 19-551, *supra,* and *French v. Way, supra.*

While the Court of Common Pleas for Richland County may, under the circumstances of this case, entertain an action to construe the will of Clara S. S. Evans, it cannot compel an accounting from appellant appointed by the Probate Court of Beaufort County wherein the will was admitted to probate, and the estate being administered upon. The action for an accounting would have to be tried in the Probate Court or Court of Common Pleas for Beaufort or Charleston County, the exact county not being a question for decision in this appeal.

The lower Court should have sustained appellant's demurrer. Since the complaint is demurrable, it follows that the injunctive order against appellant was erroneously granted, and is dismissed. There is a separate exception challenging the right of the Court of Common Pleas for Richland County to enjoin appellant, but this exception does not have to be discussed in view of the decision reached herein.

The decree of the lower Court is reversed, the demurrer sustained, and the injunction issued upon the rule to show cause dismissed, with leave, however, to respondents to institute such action or actions not inconsistent with this opinion.

TAYLOR, J., concurs.

STUKES, OXNER and LEGGE, JJ., concur in result.